IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-228 |
| | § | |
| MARINER ENERGY, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING FEDERAL INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

This case arises out of Mariner Energy Inc.'s ("Mariner") claim for coverage from Federal Insurance Company ("Federal") as an additional insured for defense and indemnity obligations owed to Trico Marine Operators, Inc. ("Trico") and incurred as a result of a previous lawsuit for personal injuries against Trico. Both Parties have moved for Summary Judgment.[1] For the reasons articulated below, Federal's Motion for Summary Judgment is **GRANTED** and Mariner's Motion for Summary Judgement is **DENIED**.[2]

**I. Background**

Shanita Gates, an employee for a tank cleaning company, MacNett Environment Services,

---

[1] Upon review of the Parties' Motions, the Court *sua sponte* considered the factors supporting venue in this Court. Finding very little, the Court asked the Parties to submit briefing on that issue. Frankly, the briefing provided no additional support for venue in this Court. However, both Parties indicated a strong desire to proceed here. Accordingly, the Court has decided to keep the case and consider it on the merits. Having done so, the Court assumes that Mariner is rethinking its initial desire to remain here.

[2] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Inc. ("MacNett"), allegedly fell down a permanently affixed ladder while working aboard the RUBY RIVER, a vessel owned by Trico. At the time of Gates's injury, Mariner was a time-charterer of the RUBY RIVER.

In Civil Action No. G:05-cv-242, Gates initially sued only Mariner, but later added Trico as a Defendant. Trico asserted a cross-claim for indemnity against Mariner. Upon a Motion for Summary Judgment, the Court found that pursuant to the Time Charter, Mariner was required to indemnify Trico for any claims made by Gates.

Mariner subsequently settled the *Gates* case based on its obligation to indemnify Trico. Mariner then made a demand to MacNett for contractual defense and indemnity coverage as an additional insured under MacNett's liability policy provided by Federal (the "Policy"). A dispute then arose as to whether Mariner was in fact entitled to the damages sought as an additional insured under that policy. Federal filed this declaratory judgment action seeking a declaration that it is not required to provide coverage for the amounts paid by Mariner in settlement of the *Gates* case.

## II. Legal Standard

Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). When one party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id*. at 252, 106 S. Ct. at 2512. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment. *Id.* at 247-48, 106 S. Ct. at 2510.

Nevertheless, if the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513. "To obtain summary judgment, 'if the movant bears the burden of proof on an issue . . . [it] must establish beyond peradventure *all* of the essential elements" of the claim or defense." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Under Texas law, "the burdens of proof in a declaratory judgment action brought by an insurer seeking a declaration of non-coverage are the same as they would be if the action had been brought against the insurance company by the person claiming the existence of coverage to enforce liability based on a claim under the policy." *Scottsdale Ins. Co. v. Sessions*, 331 F. Supp. 2d 479, 483 (N.D. Tex. 2003) (citing *Pace Corp. v. Jackson*, 284 S.W.2d 340, 350 (Tex. 1955)). Accordingly, it is Mariner's burden to prove that coverage exists. *See Employers Cas. Co. v. Block*, 744 S.W.2d 940, 944 (Tex. 1988), *overruled on other grounds by State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696, 714 (Tex. 1996).

**III. Analysis**

    *A. Additional Insured Status*

Mariner's claim for coverage derives from MacNett's obligation to name Mariner as an additional insured and Federal's obligation to insure parties named as additional insureds under any of MacNett's contracts. Endorsement 8 of the Policy states:

> Privilege is hereby granted the Assured [MacNett] to agree to name

> as Additional Assureds on all policies others for whom the Assured is performing work or who are performing work for or with the Assured, provided the Assured shall have so agreed prior to loss. Such others who the Assured has agreed to name as Additional Assureds shall become Additional Assureds hereunder upon the Assured entering into such agreement, and no further notice, declaration, amendment or endorsement shall be necessary to constitute any such others as Additional Assured . . .
>
> Notwithstanding the preceding provisions, no party shall be deemed an additional assured or be favored with a release or waiver of subrogation under this clause unless such loss results from or arises out of work performed by the Assured or the performance or work by others for the Assured, and no party shall be deemed an Additional Assured and **no waiver or release of subrogation shall extend to any extent greater than required by the agreement entered into between such party and the Assured**. (emphasis added).

Both Parties agree that the Master Service Contract between Mariner and MacNett (the "Mariner-MacNett Contract" or the "Contract") required MacNett to name Mariner as an additional insured under the Policy. However, additional language in the Mariner-MacNett Contract limits coverage and is the crux of this dispute. After requiring the naming of Mariner as an additional assured, the Contract then limits Mariner's coverage under MacNett's insurance policy. It specifically provides that:

> The naming of Mariner Group as additional insureds is not intended and shall not derogate from the division of risk and indemnity agreements set out under this Contract. The Mariner Group will not be entitled to assert a claim against Contractor's insurance with respect to liabilities and losses assumed by Mariner or as to which Mariner has indemnified Contractor under this Contract.

Federal argues that this language precludes coverage for Mariner's indemnity of Trico since that indemnity was a liability or loss "assumed by Mariner," and that since the Mariner-MacNett contract excludes coverage, the Policy likewise excludes coverage pursuant to the Policy language emphasized above.

Mariner does not dispute that its coverage under the Policy is limited by the language cited from the Mariner-MacNett Contract. However, it argues that the language of the Contract does not exclude the damages being sought in this case. Specifically, Mariner argues that the words "under this Contract" modify the phrase "liabilities and losses assumed by Mariner." In other words, Mariner concedes that the Trico indemnity is a liability or loss assumed by Mariner but argues that it was not assumed "under this Contract," so it is not covered by the exclusion.

In construing this contract, the Court must determine whether the contract provision at issue can be given a "certain or definite legal meaning or interpretation." *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). If it can, then it is not ambiguous, and the Court will construe the contract as a matter of law. "The mere disagreement of the parties upon the meanings of the contract terms will not transform an issue of law into an issue of fact." *D.E.W., Inc. v. Local 93, Laborers' Nat'l Union of N. Am.*, 957 F.2d 196, 199 (5th Cir. 1992).

Here, the Court finds that the contract, though not perfectly drafted, is not ambiguous. The clause in the Mariner-MacNett Contract limiting Mariner's qualification as an additional insured excludes two categories of loss–(1) those assumed by Mariner and (2) those for which Mariner has indemnified contractor under this contract. The indemnity owed to Trico is a loss assumed by Mariner and is therefore excluded from Mariner's coverage as an additional insured.

### B. *MacNett's Indemnity Obligation*

In addition to arguing that it is entitled to status as an additional insured, Mariner also argues that it is entitled to indemnity from MacNett for the payment made in settlement of the Gates claim. The Mariner-MacNett Contract includes an indemnity provision which reads:

> CONTRACTOR RELEASES MARINER, ALL OF MARINER'S SUBSIDIARY AND AFFILIATED COMPANIES, JOINT INTEREST OWNERS, ROYALTY OWNERS, OVERRIDING

> ROYALTY OWNERS, MINERAL RIGHTS OWNERS, AND THE OFFICERS, DIRECTORS, AGENTS, EMPLOYEES, AND SERVANTS OF ALL THE FOREGOING, WHETHER JOINTLY, SINGLY, OR IN ANY COMBINATION (COLLECTIVELY, THE "MARINER GROUP") FROM ANY LIABILITY TO CONTRACTOR FOR, AND CONTRACTOR SHALL DEFEND, INDEMNIFY, AND HOLD THE MARINER GROUP HARMLESS FROM AND AGAINST, ALL SUITS, ACTIONS, CLAIMS, AND DEMANDS, BY WHOMEVER BROUGHT, BASED ON PERSONAL INJURY, ILLNESS, OR DEATH, WHENEVER OCCURRING, SUFFERED OR INCURRED BY CONTRACTOR, ITS OFFICERS, EMPLOYEES, AGENTS AND REPRESENTATIVES ARISING FROM OR RELATED IN ANY WAY TO PERFORMANCE OF THE WORK HEREUNDER, REGARDLESS OF HOW SUCH PERSONAL INJURY, ILLNESS OR DEATH IS CAUSED, AND EVEN IF CAUSED BY THE NEGLIGENCE, WHETHER SOLE OR CONCURRENT, ACTIVE OR PASSIVE, OR OTHER LEGAL FAULT, INCLUDING STRICT LIABILITY, OF THE MARINER GROUP.

In its Motion for Summary Judgment, Federal argues that this provision does not cover the indemnity Mariner paid for the Gates claim for two reasons. First, Federal argues that the definition of Mariner Group is not broad enough to extend to the defense and indemnity obligation to Trico. Second, Federal argues that this provision is void since it provides pass-through liability for claims that would typically be barred by Section 905(b) of the Longshore and Harbor Workers Compensation Act ("LHWCA"). In response, Mariner argues that Federal does not have standing to assert this argument, that the definition of Mariner Group is broad enough, and that the provision is valid. The Court will address each of these in turn.

### 1. *Lack of Standing*

Mariner initially argues that Federal does not have standing to assert that the indemnity provision is inapplicable since MacNett is a Third-Party Defendant in this case and is represented by separate counsel. The Court finds this argument unpersuasive. First, if Federal will ultimately bear the expense of any determination of indemnity, it is well within its rights to assert any possible

defenses thereto. It is of no consequence that MacNett, for whatever reason, has not raised the same argument. While it is mysterious to the Court that MacNett has not raised the defenses raised by Federal, individual Parties' legal and commercial strategies are of no import to the Court in making legal determinations. Federal is within its rights to assert the defenses outlined above, and the Court will consider them as having been appropriately raised.

### 2. Definition of "Mariner Group"

Federal argues that the indemnity provision in the Mariner-MacNett Contract does not define Mariner Group broadly enough to extend the defense and indemnity obligation to Trico. Federal provides no further support for this argument, and the Court can find none. The provision clearly provides that MacNett will indemnify Mariner for any claim, by whomever brought, for personal injury of a MacNett employee. In this case, the injury, which was suffered by a MacNett employee, is clearly within the scope of the provision. Since the provision covers such claims, by whomever brought, it covers the claim for personal injury brought by Gates and the claim for indemnity brought by Trico. It is completely irrelevant that Trico is not part of the Mariner Group, since the Mariner Group ultimately paid a claim that is eligible for indemnity under the clause as written.

### 3. Pass-Through Liability

The no-fault compensation provided by the LHWCA is a worker's exclusive remedy against his employer. *See Doucet v. Gulf Oil Corp.*, 783 F.2d 518, 525 (5th Cir. 1986). However, under § 905(b) an employee may sue the vessel on which he was injured for negligence, and this is the employee's exclusive remedy against the vessel. Furthermore, this section provides that "the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void." 33 U.S.C. § 905(b).

Federal argues that since Mariner's only liability to Gates flows from its indemnity of Trico,

the vessel owner, the indemnity provision between Mariner and MacNett is invalid since it would make the longshore employer (MacNett) indirectly liable to the vessel owner (Trico). This argument is clearly supported by the statutory language and has been accepted by several other courts. *See Gaudet v. J. Ray McDermott & Co., Inc.*, 568 F. Supp. 795 (E.D. La. 1983); *Vargas v. American Export Lines, Inc.*, 486 N.Y.S.2d 196 (N.Y. App. Div. 1985). This Court likewise accepts this argument and finds that where, as here, a nonvessel (Mariner) is seeking indemnity from the employer (MacNett) in order to indemnify the vessel (Trico), § 905(b) invalidates the indemnity agreement that would make such an arrangement possible.[3] Accordingly, Mariner is not entitled to indemnity from MacNett for the amount paid in settlement of the Gates claims.

## V. Conclusion

For the reasons outlined above, Federal's Motion for Summary Judgment is **GRANTED**, and Mariner's Motion for Summary Judgment is **DENIED**. It is **ORDERED** that Federal has no obligation to indemnify Mariner as an additional insured for the settlement of the Gates claims. Accordingly, Mariner's counterclaim for coverage is **DISMISSED WITH PREJUDICE**. Still remaining in the case are Mariner's third-party claims against MacNett and MacNett's counterclaims against Mariner. All Parties are to bear their own taxable costs, expenses, and attorneys' fees

---

[3]This case is clearly distinguishable from *Pippen v. Shell Oil Co.*, 661 F.2d 378 (5th Cir. 1981), where the Fifth Circuit held that a nonvessel could seek indemnity from the employer pursuant to an indemnity agreement. In that case, the nonvessel sought indemnity for damages owed directly to the longshoreman, not to the vessel.

The Parties' briefing includes some argument regarding the applicability of this Court's decision in *Lewis v. Keyes 303, Inc.*, 834 F. Supp. 191 (S.D. Tex. 1993). The Court finds that case has limited applicability in these circumstances. In *Lewis*, the party seeking indemnity was the vessel, so the indemnity provision would have provided for direct liability from the employer to the vessel. Here, the liability is indirect. While the *Lewis* indemnity provision and the provision in the instant case are both void as contrary to the requirements of § 905(b), they are void for somewhat different reasons.

incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 27th day of November, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge